UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                                     609-989-0478
United States Bankruptcy Judge                                                                       609-989-2259 Fax

March 5, 2012

Ted Liscinski, Jr., Esq.
Ted Liscinski, Jr., LLC
265 Davidson Avenue, Suite 200
Somerset, NJ 08873
Attorney for Chapter 7 Trustee

Christine M. Gravelle, Esq.
Markowitz, Gravelle & Schwimmer
3131 Princeton Pike
Lawrenceville, NJ 08648
Attorney for the Debtor

                       Re:  In re Francesco and Anna M. Lucci
                             Case No. 11-34787 (MBK) (Chapter 7)

Counselors:

This matter is before the Court upon the motion ("Motion") of the Chapter 7 Trustee ("Trustee") to compel Francisco and Anna M. Lucci ("Debtors") to turnover certain funds alleged to be property of the estate.  The Court has reviewed the pleadings submitted and entertained oral argument on January 9, 2012.  The Court issues the following ruling:

    I.        **Jurisdiction**

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court.  This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (E).  Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

**II.     Background**

On August 19, 2011 ("Petition Date"), the Debtors filed their voluntary Chapter 7 petition. On November 28, 2011, the Trustee filed the instant Motion, alleging that the Debtors received post-petition funds in the amount of $10,000 as a purported settlement for the Debtors' claim against Carl Aquilone ("Aquilone"). It is undisputed that the Debtors' underlying claim against Aquilone is based upon a pre-petition promissory note ("Note"), in the amount of $50,000, given by Aquilone to Debtor Francisco Lucci. In consideration for the Note, Debtor Francisco Lucci was to give up his partnership interest in a pizza restaurant, located at Woodbourne Road, Levittown, PA, in which Debtor Francisco Lucci and Aquilone were partners. Aquilone subsequently defaulted on the Note and the Debtors claimed the balance due ($22,000) as a pre-petition asset on their bankruptcy petition. However, in an effort to settle the matter, but without authority to do so,[1] the Debtors accepted a post-petition payment of $10,000 from Aquilone in satisfaction of their claim. Debtors assert that: (i) half of the $10,000 paid to them by Aquilone was used to pay certain monies owed by the Debtors to the Pennsylvania Department of Revenue and (ii) that the remaining balance was paid into the Debtors' business, Luca Pizza. Accordingly, the Debtors assert that they are not in possession of the funds paid to them by Aquilone.

---

[1] Pursuant to 11 U.S.C. § 704, the Trustee, not the Debtors, is vested with the duty to, among other things, "collect and reduce to money the property of the estate" and "be accountable for all property received." See 11 U.S.C. §§ 704(a)(1) and (2).

### III. The Debtors' Claim Against Aquilone is Property of the Bankruptcy Estate and Subject to Turnover

Pursuant to 11 U.S.C. § 541 of the Bankruptcy Code, a bankruptcy estate comes into existence by operation of law at commencement of a debtor's bankruptcy case and consists of a debtor's legal or equitable interest in property as of the petition date. See 11 U.S.C. § 541. Section 542 governs turnover of property of the estate, requiring that: [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate. See 11 U.S.C. § 542(a).

It is clear from the record before this Court that Debtors' claim against Aquilone for the balance due and owing under the Note, as of the Petition Date, constitutes property of the bankruptcy estate. In fact, Debtor Francisco Lucci concedes that he received from Aquilone the $10,000 at issue in October 2011, after the bankruptcy filing. Accordingly, the funds received by the Debtors are undoubtedly property of the Debtors' bankruptcy estate and subject to the turnover provisions of 11 U.S.C. § 542(a).

While the Court finds that the funds received by the Debtors are property of the estate, the Court is cognizant that the Debtors are no longer in possession of said funds, making it difficult, if not impossible, for the Trustee to recover those funds from the Debtors. Thus, should the Debtors fail to return said funds within the time prescribed by this decision, the Court will entertain a request for judgment to be submitted by the Trustee. Indeed, other Courts have

granted money judgments under similar circumstances.  See, e.g., In re: Indian Capitol Distributing, Inc., 2011 Bankr. LEXIS 3815, *3 (D.N.M. 2011) ("If the defendant is in possession of the property, the trustee may recover it…If the defendant no longer has possession of the property, the Court may inquire into the disposition of the property and enter a money judgment, if appropriate") (citations omitted); In re: U.S.A. Diversified Products, Inc., 196 B.R. 801, 810 (N.D. Ind. 1996) (Lack of possession of funds at the time the turnover demand was made does not relieve liability under § 542); see also In re Shearin, 1998 Bankr. LEXIS 537, *15 (Bankr. E.D.N.C. Mar. 11, 1998).

### IV.     Conclusion

In light of the foregoing, the Motion is granted.  The Debtors are directed to turn over the funds, in the amount of $10,000, within 30 days of this decision.  To the extent the Debtors fail to do so, the Trustee may submit a certification of default and request for entry of judgment in the amount of $10,000, less any sums paid pursuant to this decision.[2]

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: March 5, 2012

---

[2] The Court notes that this ruling does not prevent the Trustee from seeking revocation of the Debtors' discharge pursuant to 11 U.S.C. § 727(d).  Further, this ruling does not foreclose the Trustee's ability to proceed against Aquilone, as appropriate.